**THE P. R. R. NO. 216.**

**CHRISTIE SCOW CORPORATION v. PENNSYLVANIA R. CO.**

**No. 211.**

Circuit Court of Appeals, Second Circuit.

March 7, 1932.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Paul Tison, both of New York City, of counsel), for appellant.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

**PER CURIAM.**

The claimant's lighter was prima facie liable for the collision with the libelant's scow, which was moored at the time. We think that the District Judge was right in holding that the prima facie case so established was not met. The bargee of the lighter left her moored to a tanker on Saturday afternoon, and did not come back until Monday, when, although well made fast, she had got adrift and fouled the scow. It appeared from a statement of the claimant's counsel that the tanker sailed some time on Saturday, but the time makes no difference, for at any rate she had left her berth. The claimant did not prove that the bargee made any inquiry when the tanker was to leave, though he was chargeable with notice that she must cast the lighter off if she did. The possibility that, when cast off, she might not be properly made fast, was within those consequences which he should have apprehended. At least he is not shown to have been free from negligence in leaving his charge under such circumstances, and this negligence was a contributing cause of the collision.

The decree is affirmed.